**Tumbor Goldo Roy PURBA, a.k.a. Tumbor G.R. Purba,**
*Petitioner,*

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–4435–ag.

United States Court of Appeals, Second Circuit.

Oct. 25, 2010.

H. Raymond Fasano, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, REENA RAGGI, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Tumbor Goldo Roy Purba, a native and citizen of Indonesia, seeks review of a September 29, 2009 order of the BIA denying his motion to reopen. *In re Tumbor Goldo Roy Purba,* No. A096 423 812 (B.I.A. Sept. 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no time or numerical limit, however, for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the BIA did not exceed its discretion in denying Purba's untimely motion to reopen because Purba failed to offer material evidence of changed country conditions that would affect his eligibility for relief. *Jian Hui Shao,* 546 F.3d at 169. The BIA noted that the record indicates a possible resurgence of radical Islam in Indonesia yet reasonably concluded that the evidence did not reflect a mean-

ingful change in country conditions since his hearing before the IJ. Furthermore, as the BIA noted, the State Department International Religious Freedom Report indicates that the government of Indonesia generally respected religious freedom. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Thus, Purba's evidence was insufficient to establish either changed country conditions or a pattern or practice of persecution against Christians. *See Mufied v. Mukasey,* 508 F.3d 88, 92 (2d Cir.2007) finding reasonable the BIA's interpretation that the alleged persecution must be "so systemic or pervasive as to amount to a pattern or practice of persecution."; *see also Santoso v. Holder,* 580 F.3d 110, 112 (2d Cir.2009). While Purba asserts that the BIA erred by failing to consider his evidence, we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). In fact, the BIA considered Purba's evidence in some detail and the record does not compel us to reach a contrary conclusion. Accordingly, the BIA did not abuse its discretion in denying Purba's untimely motion to reopen. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).